IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. ODOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05cv265-C |
| | ) | (WO) |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Now pending before the court is the October 20, 2005, "motion for approval of attorney fee (sic) under 42 U.S.C.A. § 406(b)[1]" filed by plaintiff's counsel.[2] (Doc. # 13 at 1). Counsel also filed an application for attorney fees pursuant to the Equal Access to

---

[1] 42 U.S.C. 406(b) provides as follows:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

[2] On June 6, 2005, the defendant filed a motion to remand pursuant to sentence six of 42 U.S.C. § 405(g). (Doc. # 10). The plaintiff did not object to a remand pursuant to sentence six of 42 U.S.C. § 405(g). In addition, pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment. Consequently, on June 6, 2005, the court granted the defendant's motion to remand and remanded this matter to the Commissioner for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g). (Doc. # 12).

Justice Act (EAJA), 28 U.S.C. § 2412.[3] (*Id*. at 3).  Counsel seeks an award of attorney's fees in the amount of $738.75 from the plaintiff's past due benefits or from the government. (Doc. # 13 at 1 and 3).  The Commissioner objects to an award of attorney's fees at this time because the plaintiff is neither an prevailing party under the EAJA, nor has a final judgment been entered to permit an award of fees pursuant to 42 U.S.C. § 406(b).

The court concludes that the motion for attorney's fees under either 42 U.S.C. § 406(b) or the EAJA, 28 U.S.C. § 2412 is premature.  42 U.S.C. § 405(g) provides that after completion of administrative proceedings following a sentence six remand "the Commissioner shall . . . file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based."  The court may not enter judgment in this case until after the Commissioner has filed the requisite documentation as required by the statute.  *See Longey v. Sullivan*, 812 F. Supp. 453 (D. Vt. 1993); *cf. Shalala v. Schaefer*, 509 U.S. 292, 297 (1993) ("Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from

---

[3]   28 U.S.C. § 2412(d)(1)(B) reads in pertinent part as follows:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified.

a sentence-six remand.") (citation omitted).

Furthermore, plaintiff's counsel is not entitled to an award of fees under the EAJA unless he is a "prevailing party," and the court cannot determine whether this is so, or evaluate the petition for fees, without and until the Commissioner files the requires post-remand documentation required by statute.

Accordingly, it is

ORDERED that the plaintiff's motion for attorney's fees (doc. # 13) be and is hereby DENIED without prejudice.

Done this 9th day of December, 2005.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE